## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

WILLIAM HERNANDEZ-ECHEVARRIA,
Defendant.

25-cr-00346-MAJ



### PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, William Hernandez-Echevarria, and

Defendant's counsel, Johnny Rivera, Esq., pursuant to Federal Rule of Criminal Procedure

11, state that they have reached a Plea Agreement, the terms and conditions of which are as

follows:

1. **Charge to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Indictment:

Count One: Securities Fraud.   The defendant herein, aided and abetted by others known and

unknown to the Grand Jury, did knowingly and willfully execute, and attempt to execute, a

scheme and artifice (1) to defraud a person in connection with a commodity and security for

future delivery, that is a foreign currency future; and (2) to obtain, by means of false and

fraudulent pretenses, representations, and promises, money and property in connection with

the purchase and sale of a commodity and security for future delivery, that is a foreign

currency future.   All in violation of 18 U.S.C. § 1348.





## 2. Maximum Penalties

<u>Count One</u>: The maximum statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of twenty-five years pursuant to 18 U.S.C. § 1348; a fine not to exceed one two-hundred fifty thousand dollars ($25,000.00) pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five years pursuant to 18 U.S.C. § 3583(b)(1).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996. As such, the Defendant stipulates and agrees to the entry of a judgment of restitution in the amount of $3,400,00.00.




### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

The United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>18 U.S.C. § 1348 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B1.1(a)(1) | 7 | | | | |
| Loss of more than $1.5 million pursuant to U.S.S.G. § 2B1.1(b)(1)(I) ($3,400,000.00)) | +16 | | | | |
| More than 10 victims pursuant to U.S.S.G. § 2B1.1(b)(2) | +2 | | | | |
| Zero-point Offender pursuant to U.S.S.G. § 4C1.1 | -2 | | | | |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 | | | | |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **20** | | | | |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 33-41 | 37-46 | 41-51 | 51-63 | 5378 | 70-87 |



### 8. Sentence Recommendation

As to Count One the Government will recommend a sentence of 41 months incarceration and Defendant will recommend Probation.

The parties agree that any recommendation by either party for a sentence above 41 months will constitute a material breach of the Plea Agreement.

### 8. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 9. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 10. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.



## 11. Satisfaction with Counsel

Defendant is satisfied with counsels, Johnny Rivera, Esqs., and asserts that counsels have rendered effective legal assistance.

## 12. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement.   Defendant understands that the rights of criminal defendants include the following:

    a.  If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

    b.  If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.  Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c.  If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

    d.  At a trial, the United States would be required to present its witnesses and other evidence against Defendant.  Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.



e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 13. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 14. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 15. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.





### 16. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

## 17. Dismissal of Remaining Counts

All remaining counts of the Indictment will be dismissed at the time of sentencing.

## 18. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

## 19. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea.   In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea.   Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.





## 20. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

HECTOR RAMIREZ-CARBO
Acting United States Attorney

SETH ERBE Digitally signed by SETH ERBE
Date: 2026.07.30 12:54:05
-04'00'

_____
Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud & Public Corruption
Dated: 07/30/2026

_____
Johnny Rivera, Esq.
Counsel for Defendant
Dated: 8-6-26




SCOTT
ANDERSON Digitally signed by SCOTT
ANDERSON
Date: 2026.07.30 12:52:14 -04'00'

_____
Scott Anderson
Assistant U.S. Attorney
Dated: 07/30/2026

_____
William Hernandez-Echevarria
Defendant
Dated: 8-6-26

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: ___8-6-26___   _____
William Hernandez-Echevarria
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines, and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.




Date: ___8-6-26___   _____
Johnny Rivera
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, Defendant William Hernandez-Echevarria admits that Defendant is guilty as charged in the Indictment and admits the following:

The defendant herein, aided and abetted by others known and unknown to the Government, did knowingly and willfully execute, and attempt to execute, a scheme and artifice (1) to defraud a person in connection with a commodity and security for future delivery, that is a foreign currency future; and (2) to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of a commodity and security for future delivery, that is a foreign currency future in violation of 18 U.S.C. § 1348.   The purpose of the scheme and artifice was for the defendant to induce individuals to invest in a company called DJR Capital, LLC, and obtain money by means of materially false and fraudulent pretenses, representations, and promises. DJR Capital, LLC marketed itself as a company that was investing in Forex, or Foreign Exchange Market.   Investors were promised a 10% weekly return on their investment with Defendant earning 5% on each investor's weekly return.   Defendant failed to use investors' money as promised and knew that no investments were being made by DJR Capital and that investors were being paid with other investors' money.   The total loss amount is calculated to be $5,330,979.00 for which Defendant is being held accountable for $3,400,00.00.   The offense involved at least 10 victims.



Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical and documentary evidence, which would have proven beyond a reasonable doubt that defendant William Hernandez-Echevarria is guilty as charged in Count One of the Information.    All discovery has been provided.

SCOTT ANDERSON    Digitally signed by SCOTT ANDERSON
Date: 2026.07.30 12:52:35 -04'00'

Scott Anderson
Assistant U.S. Attorney
Dated: 07/30/2026

Johnny Rivera
Counsel for Defendant,
Dated: 8-06-26

William Hernandez-Echevarria
Defendant
Dated: 8-6-26

DPR